**John C. EASTMAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93-562C.**

United States Court of Federal Claims.

April 20, 1995.

John C. Eastman, Chicago, IL, pro se.

Brian S. Smith, with whom were Asst. Atty. Gen. Frank W. Hunger, David M. Cohen, Director, and Mary Mitchelson, Deputy Director, Washington, DC, for defendant.

## OPINION

ANDEWELT, Judge.

### I.

In this civilian pay action, plaintiff, John C. Eastman, seeks reimbursement of certain relocation expenses he incurred as the result of his September 1987 transfer within the United States Commission on Civil Rights (the Commission). The Commission transferred plaintiff from his position in California of Special Assistant to the Commissioner to the position in Washington, D.C., of Director of Congressional & Public Affairs. As a result of this transfer, plaintiff received a promotion from a GS-11 civil service classification to a GM-14 classification. Both of these positions were Schedule C political appointments and thus, plaintiff's promotion was not pursuant to a civil service merit selection program.

The Commission initially determined that plaintiff was ineligible to recover relocation expenses and denied plaintiff's later request for review of that decision. Plaintiff then

requested submission of his claim to the General Accounting Office (GAO), and the Claims Group of the GAO concluded that plaintiff was entitled to recover relocation expenses. Upon review, however, the Comptroller General overruled the Claims Group decision and determined that plaintiff was not entitled to reimbursement. Upon reconsideration, the Comptroller General affirmed the denial of reimbursement. Thereafter, plaintiff filed the instant complaint. This action is presently before the court on plaintiff's motion for judgment on the pleadings and defendant's cross-motion for summary judgment. For the reasons set forth below, both motions are denied.

## II.

Reimbursement of federal employee relocation expenses resulting from a transfer from one duty station to another is covered under 5 U.S.C. § 5724. Section 5724 provides, in pertinent part:

(a) Under such regulations as the President may prescribe and when the head of the agency concerned or his designee authorizes or approves, the agency shall pay from Government funds—

(1) the travel expenses of an employee transferred in the interest of the Government from one official station or agency to another for permanent duty, and the transportation expenses of his immediate family, or a commutation thereof under section 5704 of this title;

(2) the expenses of transporting, packing, crating, temporarily storing, draying, and unpacking his household goods and personal effects not in excess of 18,000 pounds net weight[.]

\* \* \* \* \* \*

(h) When a transfer is made primarily for the convenience or benefit of an employee, ... or at his request, his expenses of travel and transportation ... may not be allowed or paid from the Government funds.

Section 2–1.3 of the Federal Travel Regulations (FTR) (May 1973) (codified at 41 C.F.R. § 302–1.3) implements Section 5724. Section 2–1.3 provides, in part:

2–1.3. *General provisions.*

a. *Travel covered. When change of official station* or other action described below *is authorized* or approved by such official or officials as the head of the agency may designate, *travel and transportation expenses* and applicable allowances as provided herein (see applicability and exclusions in pertinent sections) *are payable* in the case of:

(1) An employee transferring from one official station to another for permanent duty, Provided that: the transfer is in the interest of the Government and is not primarily for the convenience or benefit of the employee or at his/her request. . . .

(Emphasis added.)

## III.

■ Plaintiff seeks judgment on the pleadings pursuant to RCFC 12(c). In evaluating a motion under Rule 12(c), "all well-pleaded material allegations of the non-moving party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." 2A James W. Moore, *Moore's Federal Practice* ¶ 12.15, at 12–140 (2d ed. 1995); *see also Atlas Corp. v. United States,* 895 F.2d 745, 749 (Fed. Cir.), *cert. denied,* 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

The complaint alleges, and defendant admits, that the Commission promoted plaintiff and transferred him from his position in California to a position in Washington, D.C. A dispute exists, however, as to the circumstances that led to plaintiff's transfer. In his complaint, plaintiff alleges that the Commission recruited plaintiff for the Washington, D.C., position and specifically determined, at the time of plaintiff's transfer, that the transfer was in the government's interest. Because in its answer defendant, the nonmoving party, disputes both of these contentions, these contentions must be presumed to be false.

■ Accordingly, for the purposes of evaluating plaintiff's motion for judgment on the pleadings, this court must presume that the

Commission did not recruit plaintiff for the Washington, D.C., position and that the Commission did not determine that plaintiff's transfer was in the government's interest. Such presumptions are sufficient to defeat plaintiff's motion. Section 5724 provides for reimbursement of relocation expenses when an employee is transferred "in the interest of the Government" but precludes such reimbursement when a transfer is "primarily for the convenience or benefit of an employee, ... or at [the employee's] request." Except for the disputed allegations, nothing in the complaint indicates that plaintiff's transfer was in the government's interest and not at his request.

Plaintiff contends that whenever an employee's transfer results in a promotion, the employee necessarily is entitled to reimbursement of travel expenses. Because the parties do not dispute that plaintiff's transfer resulted in a promotion, plaintiff alleges that by virtue of his promotion alone, he is entitled to recover the expenses in dispute. Plaintiff relies upon a series of Comptroller General decisions to support this contention, but upon analysis, these decisions do not aid plaintiff.

In *Dante P. Fontanella,* B–184251 (July 30, 1975), the Comptroller General articulated the standard for evaluating relocation reimbursement requests under Section 5724, as follows:

> Generally ... if an employee has taken the initiative in obtaining a transfer to a position in another location, an agency usually considers such transfer as being made for the convenience of the employee or at his request, whereas, if the agency recruits or requests an employee to transfer to a different location it will regard such transfer as being in the interest of the government. Of course, if an agency orders the transfer and the employee has no discretion in the matter, the employee is entitled to reimbursement of moving expenses.

*Id.* at 3; *see also Michael J. Deangelis,* B–192105 (May 16, 1979) (denying reimbursement expenses to an air traffic controller who requested and received a lateral transfer under a noncompetitive placement plan). Con-

trary to the standard outlined in *Fontanella,* plaintiff asserts that the determining factor in reimbursement claims generally is not who initiated the transfer, but rather whether the transfer involved a promotion. Plaintiff cites several Comptroller General decisions that deny reimbursement claims when an employee is transferred to a lateral or lower position,[1] and then cites *Bernard J. Philipps,* B–206624 (Aug. 16, 1982), for the proposition that reimbursement is required when the transfer involves a promotion.

In *Philipps,* an IRS employee sought reimbursement of relocation expenses associated with his transfer and promotion under a competitive civil service merit selection program. The Comptroller General awarded relocation expenses even though the employee initiated several conversations with agency officials indicating his desire to relocate. The Comptroller General reasoned, as follows:

> When an agency issues a vacancy announcement under its merit promotion program such action is a recruitment action and when an employee transfers pursuant to such action the transfer is normally regarded as being in the interest of the Government in the absence of agency regulations to the contrary.

*Id.* at 3; *see also Eugene R. Platt,* 59 Comp. Gen. 699 (1980); *Reconsideration of Eugene R. Platt,* 61 Comp.Gen. 156 (1981).

But even assuming the Comptroller General's reasoning in *Philipps* is correct, *Philipps* would not support plaintiff's blanket contention that all transfers involving promotions, including promotions under Schedule C, are necessarily in the government's interest and not at the employee's request. *Philipps* specifies that the analysis employed therein "was intended to apply to all selections and transfers *under an agency's merit promotion program." Id.* at 4 (emphasis added). In essence, *Philipps* merely stands for the proposition that within the civil service merit selection context, when an employee responds to a vacancy announcement, is selected on a competitive basis, and is then transferred, the transfer should be classified as

---

**1.** *See John J. Hertzke,* B–205958 (July 13, 1982); *Julia R. Lovorn,* B–229297 (Apr. 29, 1988).

having resulted from an agency request rather than from an employee request.

The logic behind the sweeping assumption that all promotions within the civil service merit selection context are necessarily in the government's interest cannot be applied to all Schedule C promotions. Schedule C political appointments are exempt from the stringent competitive selection requirements applicable to the competitive service and, therefore, promotions under Schedule C can be based upon very different considerations than those required for a merit selection promotion. In effect, selecting officials have greater flexibility to grant a transfer and promotion in direct response to an employee's request under Schedule C than in the competitive merit service. *See, e.g.,* 5 C.F.R. § 213.3301 ("agencies may make appointments under this section to positions which are policy-determining or which involve a close and confidential working relationship with the head of an agency or other key appointed officials. Positions filled under this authority are excepted from the competitive service and constitute Schedule C"); *see also* 5 U.S.C. § 7511(b)(2).

An argument certainly could be made that the government's interest may be served, in some broad sense, every time an employee is promoted to a vacant position, or even when an employee is transferred laterally to a position at which the employee's skills would be more efficiently utilized. Section 5724, however, does not provide for reimbursement of relocation expenses whenever the government's interest, so broadly defined, is arguably furthered. Rather, Section 5724(h) precludes reimbursement when a transfer is "primarily for the convenience or benefit of an employee, ... or at [the employee's] request." Section 2–1.3 of the FTR reiterates this point by providing for reimbursement only when "the transfer is in the interest of the Government *and* is not primarily for the convenience or benefit of the employee or at his/her request" (emphasis added).

In the instant case, defendant has disputed the circumstances that led to plaintiff's transfer. The remaining undisputed facts set forth in the complaint fail to describe the circumstances that led to plaintiff's transfer with sufficient detail to enable this court to determine whether plaintiff's transfer was the result of the Commission's recruitment or, alternatively, at plaintiff's request. Therefore, plaintiff's motion for judgment on the pleadings must be denied.

IV.

Defendant cross-moves for summary judgment. The grant of summary judgment is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. RCFC 56. Defendant's cross-motion for summary judgment rests on defendant's narrow legal contention that, with the exception of cases such as *Philipps* that involve promotions under merit selection programs, an employee must receive express formal agency authorization in order to receive reimbursement of relocation expenses. Because plaintiff's promotion was not a competitive merit selection and because the Commission never formally authorized reimbursement, defendant contends that Section 5724, as a matter of law, precludes reimbursement.

The wording of Section 5724 is ambiguous with regard to the nature of the authorization required by the head of the agency or designee. The statute arguably can be interpreted to require authorization of the transfer alone or, alternatively, as defendant proposes, to require specific authorization of the payment of relocation expenses. Because Section 5724 states that it will be implemented pursuant to federal regulations, in the face of ambiguity in the statute, it is appropriate to consult Section 2–1.3 of the FTR, which implements Section 5724. *See Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) ("[w]hen faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration").

Section 2–1.3 of the FTR provides that, subject to specified limitations, "[w]hen change of official station ... is authorized ... by such official ..., travel and transportation expenses ... are payable." Hence, under Section 2–1.3, an employee's entitlement to reimbursement for relocation ex-

penses flows from the agency's authorization of the transfer. There is no requirement therein that the agency also specifically authorize the payment of relocation expenses.

Consistent with the FTR interpretation of Section 5724, the Comptroller General has overruled agencies that have refused to grant relocation expenses when the agency head authorized the transfer and the transfer satisfied the proviso in subsection (a)(1) of Section 2–1.3. The Comptroller General has so ordered reimbursement of relocation expenses even though the agency had neither specifically authorized the payment of travel expenses nor made a formal finding that the transfer was in the government's interest. *See, e.g. Platt,* B–198761; *Philipps,* B–206624; *James F. Hansard,* B–201732 (June 30, 1981); *Stephen P. Szarka,* B–188048 (Nov. 20, 1977).

 This court similarly has authority to order reimbursement of relocation expenses. Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), this court has jurisdiction to grant a money judgment against the United States whenever a statute or regulation, fairly interpreted, mandates the payment of that money. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Both Section 5724 ("the agency shall pay") and the FTR ("travel and transportation expenses ... are payable") mandate the payment of money. Hence, this court possesses jurisdiction to hear claims from employees who allege that an agency erroneously refused to reimburse relocation expenses. Contrary to defendant's proposed interpretation, nothing in Section 5724 or the regulations implementing it limits this court's authority to mandate such payments exclusively to those transfers that involve civil service merit promotions. The Commission's failure to authorize specifically the reimbursement of plaintiff's travel expenses, therefore, does not itself preclude plaintiff from recovering his relocation costs. Because defendant's motion for summary judgment is based exclusively on this failure to authorize payment, defendant's motion is denied.

*Conclusion*

For the reasons set forth above, plaintiff's motion for judgment on the pleadings and defendant's cross-motion for summary judgment are each denied. On or before May 22, 1995, the parties shall file a status report, jointly or separately, proposing a date for the close of discovery.

IT IS SO ORDERED.